IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>                 Plaintiff,<br><br>        vs.<br><br>KAUAI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>                 Defendants. | CIVIL NO. 20-00548 DKW-RT<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Scaperotta alleges that the Kauai Community Correctional Center ("KCCC"), Department of Public Safety ("DPS"), and Warden Neal Wagatsuma violated the Eighth Amendment because of the conditions of confinement at the KCCC.  *Id.*  For the following reasons, the Complaint is DISMISSED with partial leave to amend, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

## I.  SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation

omitted).  The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation," falls short of meeting this plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  <u>SCAPEROTTA'S CLAIMS</u>[1]

Scaperotta alleges that the KCCC was "under construction" when he arrived in August 2020.  ECF No. 1 at PageID # 5.  Scaperotta claims that construction work continued in the cafeteria while prisoners ate.  *Id.*  On one occasion, in early September, Scaperotta was "exposed to welder flash, sparks, and smoke/dust from welding, grinding, jackhammering, and gluing" while he was eating in the cafeteria.  *Id.*  Scaperotta also claims that there was a "dust cloud" in the cafeteria for more than a month.  *Id.*

---

[1] Scaperotta's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Scaperotta seeks $175 million in compensatory damages, "restitutional damages," an "out of court settlement," "medical treatment/healing," and a letter of apology. *Id.* at PageID # 6.

### III.  DISCUSSION

**A.    Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  ""A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.""  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.      Eleventh Amendment Immunity**

Scaperotta names the KCCC, DPS and Warden Wagatsuma in his official capacity.  ECF No. 1 at PageID ## 1–2.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Scaperotta's damages claims against the KCCC, DPS, and Warden Wagatsuma in his official capacity are barred by the Eleventh Amendment.  *See Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 19-00040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit

5

under the Eleventh Amendment."); *Penque v. Dep't of Pub. Safety*, No. 20-00338 DKW-WRP, 2020 WL 5984055, at *3 (D. Haw. Oct. 8, 2020) (concluding that claims for monetary damages against warden in his official capacity were barred by the Eleventh Amendment).

## C.    Conditions of Confinement

Scaperotta claims that the conditions of confinement at the KCCC violated the Eighth Amendment.[2]  ECF No. 1 at PageID # 5.  If Scaperotta chooses to file an amended pleading, he must consider the following legal standards.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted).  In its prohibition on "cruel and unusual punishments," the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that

---

[2]Scaperotta does not say exactly when the alleged incidents occurred nor is it clear whether the conditions he complains of remain.  See ECF No. 1 at PageID # 5.  If they occurred after Scaperotta was convicted, his claims are properly raised under the Eighth Amendment.  If the events occurred before Scaperotta was convicted, however, they must be raised, if at all, under the Fourteenth Amendment.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc).  Under the Fourteenth Amendment, the inquiry focuses on whether the conditions of confinement amount to "punishment."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"  *Id.* at 539.

inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" *Id.* (internal quotation marks and citations omitted); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).

A prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, "sufficiently serious"—that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'"  *Farmer*, 511 U.S. at 834; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).   Second, the prison official must have a sufficiently culpable state of mind.  "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]"  *Farmer*, 511 U.S. at 834 (citations omitted).  Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Scaperotta fails to allege a "sufficiently serious" violation.  Although Scaperotta claims that he was exposed to construction in the cafeteria on one occasion and a "dust cloud" in the cafeteria for over a month, he has not plausibly

alleged a denial of the minimal civilized measure of life's necessities.  Nor does Scaperotta allege that any prison official knowingly disregarded an excessive risk to his health and safety.  He fails, therefore, to state a plausible claim for relief under the Eighth Amendment.

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with partial leave to amend.  Scaperotta may file an amended complaint on or before **February 18, 2021**.  He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. <u>28 U.S.C. § 1915(g)</u>

If Scaperotta fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under

28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

## VI. <u>CONCLUSION</u>

(1) The Complaint is DISMISSED for failure to state a claim pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Scaperotta's damages claims against the Kauai Community Correctional

Center, Department of Public Safety, and Warden Neal Wagatsuma in his official

capacity are DISMISSED with prejudice.

(3) Scaperotta may amend his pleading, however, such as by naming a

proper defendant or defendants, and by curing the noted deficiencies in his claims

on or before **February 18, 2021**.

(4) The Clerk is DIRECTED to send Scaperotta a blank prisoner civil rights

complaint form so that he can comply with this order if he elects to file an

amended pleading.

(5) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Scaperotta may incur a strike

under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  January 28, 2021 at Honolulu, Hawaii.



_/s/ Derrick K. Watson_____
Derrick K. Watson
United States District Judge

---

_Christopher Jay Scaperotta v. Kauai Community Correctional Center, et al._; Civil
No. 20-00548 DKW-RT; **ORDER DISMISSING COMPLAINT WITH
PARTIAL LEAVE TO AMEND**