IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>Plaintiff,<br><br>vs.<br><br>KAUAI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>Defendants. | CIVIL NO. 20-00548 DKW-RT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta") first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 15. In the FAC, Scaperotta alleges that Defendant Neal Wagatsuma, the warden at the Kauai Community Correctional Center ("KCCC")

---

[1] This is one of fifteen civil actions Scaperotta has pending in this court. *See Scaperotta v. Kauai Police Dep't*, Civ. No. 20-00542 LEK-KJM (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, Civ. No. 20-00549 JMS-KJM (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, Civ. No. 20-00550 JMS-RT (D. Haw.); *Scaperotta v. Wagatsuma*, Civ. No. 20-00551 JAO-RT (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, Civ. No. 21-00061 JMS-RT (D. Haw.); *Scaperotta v. Sequeira*, Civ. No. 21-00069 JMS-KJM (D. Haw.); *Scaperotta v. Haw. U.S. Dist. Ct.*, Civ. No. 21-00073 HG-RT (D. Haw.); *Scaperotta v. Kanehailua*, Civ. No. 21-00074 DKW-WRP (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, Civ. No. 21-00075 SOM-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, Civ. No. 21-00085 DKW-RT (D. Haw.); *Scaperotta v. Wagatsuma*, Civ. No. 21-00097 HG-KJM (D. Haw.); *Scaperotta v. Colobong*, Civ. No. 21-00102 JMS-WRP (D. Haw.); *Scaperotta v. Charles*, Civ. No. 21-00107 DKW-KJM (D. Haw.); *Scaperotta v. Viohle*, Civ. No. 21-00108 HG-KJM (D. Haw.).

violated the Eighth Amendment.[2] *Id.* at PageID # 70. For the following reasons, the FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with leave granted to amend.

## I. SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is

---

[2] After Scaperotta filed the FAC, he was released from custody.

"plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation," falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. SCAPEROTTA'S CLAIMS[3]

Scaperotta alleges that the KCCC has been under construction since August 2020. ECF No. 15 at PageID # 70. Scaperotta claims that he was "exposed to welder flash" and his eyes were injured in September 2020. *Id.* According to Scaperotta, "[n]oise, dust, sparks, and general disorder [exceed] set punishments." *Id.* Scaperotta describes the construction noise as "unbearable." *Id.* According to Scaperotta, "medical" was aware of his injuries, but he claims that "no treatment [was] available." *Id.*

Scaperotta seeks $250 million in "compensatory/restitutional damages," $100 million in "personal injury damages," unspecified medical treatment, and an out-of-court settlement. *Id.* at PageID # 73.

## III. DISCUSSION

**A. Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940,

---

[3] Scaperotta's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  ""A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.""  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.  Eighth Amendment**

Scaperotta claims that Warden Wagatsuma violated the Eighth Amendment.  ECF No. 15 at PageID # 70.

The Eighth Amendment prohibits "cruel and unusual" punishment for a person convicted of a crime.  U.S. Const. amend. VIII.  It imposes duties on prison officials to "provide humane conditions of confinement[.]"  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to

5

guarantee the safety of the inmates[.]" *Farmer*, 511 U.S. at 832–33 (internal quotation marks and citations omitted); *Foster*, 554 F.3d at 812.

### 1. *Conditions of Confinement*

A prison official violates the Eighth Amendment when two requirements are satisfied: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the official must have acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834 (citations omitted); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

With regard to the first requirement, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Farmer* 511 U.S. at 834 (internal quotation marks and citation omitted); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). This requirement is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*; *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim."

6

*Hudson*, 503 U.S. at 9; *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Quin'Ley v. Craig*, No. 16-00550 SOM/KSC, 2016 WL 7362808, at *6 (D. Haw. Dec. 19, 2016).

Regarding the second requirement, "deliberate indifference" requires more than negligence but does not require purpose or knowledge. *See Farmer*, 511 U.S. at 836. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Scaperotta fails to allege an "extreme deprivation." Although Scaperotta claims that he was exposed to "welder flash," he has not plausibly alleged a denial of the minimal civilized measure of life's necessities. Scaperotta's conclusory statement that "[n]oise, dust, sparks, and general disorder exceed set punishments" does not allege a plausible constitutional claim. *See Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (noting that the Eighth Amendment does not require that prisons be comfortable). Although Scaperotta describes the construction noise as "unbearable," he does not say how close he was to the construction work being done. Nor does he say how many hours each day he was allegedly exposed to the

7

construction noise. He does not allege that construction is ongoing throughout the KCCC or that work is performed continuously.

Moreover, Scaperotta does not plausibly allege that Wagatsuma knew of and disregarded an excessive risk to inmate health or safety. Although Scaperotta claims that he complained to the ombudsman, he does not explain how Wagatsuma would have known of any alleged risk to inmate health or safety. Nor does he plausibly allege how Wagatsuma disregarded such a risk. Scaperotta's conditions-of-confinement claim is DISMISSED with leave granted to amend.

### 2. *Denial of Medical Care*

Scaperotta briefly suggests that he was denied medical care. ECF No. 15 at PageID # 70.

To establish a claim of inadequate medical care, a prisoner must first show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (internal quotation marks omitted). "If . . . a prisoner establishes a sufficiently serious medical need, that prisoner must then show the [official's] response to the need was deliberately indifferent." *Id.* at 786 (internal quotation marks omitted and brackets in original). "An inadvertent or negligent failure to provide adequate

medical care is insufficient to establish a claim under the Eighth Amendment." *Id.* "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* (internal quotation marks omitted and brackets in original).

Scaperotta has not plausibly alleged a serious medical need. Although Scaperotta claims that his eyes were "injured," he does not describe the extent or duration of his alleged injury. Moreover, Scaperotta has not plausibly alleged that Wagatsuma was deliberately indifferent to his medical needs. To the extent Scaperotta directs his denial-of-medical-care claim against Wagatsuma solely because of his supervisory position at the KCCC, that is not allowed. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."). Scaperotta does not say who he told about his alleged injury, what he told them, and how they responded. Scaperotta's denial-of-medical-care claim is DISMISSED with leave granted to amend. *See*

*Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) ("[A] liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient[.]").

## IV. LEAVE TO AMEND

The First Amended Complaint is DISMISSED with leave granted to amend.  Scaperotta may file an amended pleading on or before **March 30, 2021**.  He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, and comply with Rule 8 of the Federal Rules of Civil Procedure.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. 28 U.S.C. § 1915(g)

If Scaperotta fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Scaperotta may amend his pleading, however, by curing the noted deficiencies in his claims on or before **March 30, 2021**.

(3) The Clerk is DIRECTED to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Scaperotta may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: March 16, 2021 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Christopher Jay Scaperotta v. Kauai Community Correctional Center, et al.*; Civil No. 20-00548 DKW-RT; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**